1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

RIMINI STREET, INC.,

Plaintiff(s),

v.

HARTFORD FIRE INSURANCE
COMPANY, et al.,

Defendant(s).

Case No. 2:15-CV-2292 JCM (CWH)

ORDER

13

14

15

16

17

Presently before the court is plaintiff Rimini Street, Inc.'s ("Rimini") motion to dismiss the equitable reimbursement counterclaim filed by defendants Hartford Fire Insurance Company, *et al.* ("Hartford") and remand plaintiff's declaratory judgment claim to the district court for Clark County, Nevada. (ECF No. 16). Hartford[1] filed a response. (ECF No. 25). Plaintiff filed a reply to the response. (ECF No. 28).

18

**I.    Background**

19

20

21

22

23

Rimini is an independent provider of enterprise software support services and is a competitor of Oracle International Corporation ("Oracle"). (ECF No. 16 at 4). On January 25, 2010, Oracle filed a lawsuit against Rimini in Nevada district court alleging a variety of claims sounding in copyright, tort, and contract. (*Id.* at 4–5). This case is currently ongoing, as the parties remain in post-trial motion practice and there is a possibility that one or both of the parties may appeal. (*Id.* at 3).

24

25

26

As a result of the litigation, Rimini tendered the lawsuit to its insurance company, Hartford Fire, for defense and indemnity on May 11, 2015. (ECF No. 25 at 4).  From April 2006,

27

28

_____

[1] The Hartford defendants are Hartford Fire Insurance Company, Hartford Accident and Indemnity Company, and Hartford Casualty Insurance Company. For convenience, these defendants will be referred to as Hartford in the singular for the remainder of the order.

**James C. Mahan**
**U.S. District Judge**

to November 14, 2012, Rimini purchased several insurance policies totaling $42 million dollars in coverage. (ECF No. 1 at 3). After receiving no confirmation that coverage would be provided, Rimini filed this lawsuit against Hartford on July 27, bringing two claims seeking declaratory judgments that Hartford is obligated to defend and indemnify Rimini in connection with the *Oracle* lawsuit. (ECF No. 16 at 5). On August 21, 2015, Hartford formally agreed to defend the lawsuit through a reservation of rights letter. (ECF No. 25 at 17).

The Oracle trial began on September 14, and the jury awarded damages to Oracle in excess of $40 million dollars. (ECF No. 16 at 5). On November 17, Rimini filed an amended complaint that included only two claims for declaratory judgment. (*Id.*). Subsequently, Hartford filed notice of removal and then filed its answer as well as an equitable reimbursement counterclaim. (ECF No. 16 at 6).

**II.    Legal Standard**

*A.  Motion to Dismiss*

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.  *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief.  *Id*. at 1950.  A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949.

**James C. Mahan**
**U.S. District Judge**

- 2 -

Where the complaint does not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief." *Id*. (internal quotations and alterations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

B. *Remand of a Declaratory Judgment*

Pursuant to 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states . . . ." Further, the Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). Under the Declaratory Judgment Act, district courts have discretion to decline to exercise jurisdiction over an action for declaratory relief "even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton* v. *Seven Falls Co.,* 515 U.S. 277, 282 (1995).

The Supreme Court has noted, however, that this discretion is not totally unfettered. *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (quoting *Public Affairs Assocs. v. Rickover*, 369 U.S. 111, 112 (1962) ("[A] District Court cannot decline to entertain such an action as a matter of whim or personal disinclination."). To aid lower courts, the Court provided several factors that may be considered. *See Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942). Focusing on the idea that the district courts should consider "the scope of the pending state court proceeding and the nature of the defenses open there," the Court outlined the following factors for consideration: "whether the claims of all parties in interest can

James C. Mahan
U.S. District Judge

- 3 -

satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc." *Id.*

After the decision in *Brillhart*, the Ninth Circuit set forth a non-exhaustive list of three factors, based on the *Brillhart* factors, that a court should principally consider: (1) whether the exercise of jurisdiction would require the "needless determination of state law issues;" (2) whether the exercise of jurisdiction would encourage forum shopping; and (3) the general preference to "avoid duplicative litigation." *Huth v. Hartford Ins. Co. of the West*, 298 F.3d 800, 803 (9th Cir. 2002) (citations omitted). These three factors should be weighed against each other, with no single factor being dispositive. *See id.*

### III.   Discussion

#### A.  *Plaintiff Rimini's Motion to Dismiss*

Rimini argues that Hartford has not established a legally cognizable claim for equitable reimbursement and, accordingly, the claim should be dismissed according to Rule 12(b)(6). (ECF No. 16 at 7). In order to establish a claim for equitable reimbursement, the pleader must allege "that (1) they agreed to immediately defend [d]efendant in the [Oracle] action in its entirety; (2) they paid money to defend claims against [d]efendant 'that are not even potentially covered' under the insurance policies; and (3) they reserved their right to seek reimbursement." *Travelers Indemnity Co. of Conn. v. Centex Homes*, 2014 WL 3778269 *2 (E.D. Cal. July 30, 2014) (quoting *Buss v. Superior Court*, 16 Cal.4th 35, 47–50 (1997)).

From the outset, it is important to note that there is no existing Nevada case law on the claim of equitable reimbursement. In situations where no state case law exists, Nevada "courts have looked to the law of other jurisdictions, particularly California, for guidance." *Mort v. United States*, 86 F.3d 890, 893 (9th Cir. 1996). It is thus appropriate that both parties have relied heavily on California case law regarding equitable reimbursement.

While the claim of equitable reimbursement does have three distinct elements, the parties have argued vigorously over the issue of whether Hartford has defended Rimini through the entire Oracle lawsuit. The court will address this issue first. In order to establish that the insurance company has defended the insured through the entirety of a lawsuit, the insurance company must show that the "underlying lawsuit is concluded" or that "there is no potential for coverage." *Scottsdale Ins. Co. v. MV Transp.* 36 Cal.4th 643, 655 (2005).

James C. Mahan
U.S. District Judge

- 4 -

1    Based on this standard, Hartford has not yet defended Rimini through the entirety of the

2 lawsuit. Not only are Rimini and Oracle still involved in post-trial motion practice, but Hartford

3 itself acknowledges that it plans to cover ongoing litigation costs. (ECF No. 16 at 3; ECF No. 25

4 at 12). In its response, Hartford states that the company "has committed to continue providing [a]

5 defense through an appeal." (ECF No. 25 at 12). Further, in its counterclaim, Hartford seeks

6 recovery for "any additional defense cost amounts Hartford pays after the date of this answer and

7 counterclaim." (ECF No. 13 at 26). By acknowledging that Hartford would like to seek recovery

8 for its additional costs and that it is going to defend Rimini through any appeals, it is logically

9 inconsistent to then argue that it has provided a defense through the entirety of the Oracle action.

*See Centex Homes* 2014 WL 3778269, at *2.

10    Hartford attempts to refute this requirement by citing to a California case in which the

11 court held that an equitable reimbursement claim is ripe where there is no further potential for

12 coverage, even when ongoing litigation is a possibility. *See SecuriMetrics, Inc. v. Hartford*

13 *Casualty Insurance Company* 2005 WL 2463749, at *2–3 (N.D. Cal. Oct. 4, 2005). The

14 California court directly distinguished the *Buss* decision, quoted above, and stated *Buss* did not

15 in fact "hold that the insurer could seek reimbursement only after the underlying litigation is

16 resolved." *Id*. The court, however, was resolving a motion to dismiss counterclaims for

17 *declaratory judgment,* which could be brought any time during the course of the litigation or

18 after. *Id*. Therefore, the decision in *SecuriMetrics* is not applicable to the instant case because the

timing issue was not addressed in the context of an *equitable reimbursement* claim.

19    Hartford also cites *Centex Homes* to further its argument that a party seeking equitable

20 reimbursement does not need to wait until the underlying litigation is over. *See Centex Homes*

21 2014 WL 3778269, at *3. While the *Centex* court does hold that waiting until the action

22 concludes is not always required, the court observes that equitable reimbursement claims are ripe

23 only if there is "no further potential for coverage." *Id*.

24    Here, Hartford has not alleged facts that demonstrate which claims they believe are

25 covered by the policies and which claims are not. To persuade the court that there are no more

26 claims that could potentially provide coverage, Hartford must allege specific information

27 showing which remaining claims present "no potential for coverage." *See Scottsdale Ins. Co.*, 36

Cal.4th at 655. Hartford has not done so.

28

**James C. Mahan**
**U.S. District Judge**

In this case, Hartford's only allegations related to the uncovered claims in the counterclaim are as follows:

> 29. Part or all of the defense costs advanced by Hartford Fire related to the defense of uncovered claims.

> 30. Rimini and Ravin have been unjustly enriched in an amount to be determined and are obligated to reimburse Hartford Fire for such amount, as well as for any additional defense cost amounts Hartford pays after the date of this answer and counterclaim for the defense of uncovered claims.

(ECF No. 13 at 26). Hartford provides no further clarification beyond "the defense of uncovered claims." (*Id.*) Hartford has not identified which claims are uncovered. When discussing unjust enrichment, it states only that the amount of unjust enrichment is "to be determined." (*Id.*)

Hartford has yet to provide any details regarding the specific claims that are not covered or the amounts spent on uncovered claims. The court finds that Hartford has failed to plead that there is no further potential for coverage with the specificity required by *Twombly* and *Iqbal*. *See Twombly*, 550 U.S. at 555; *Iqbal*, 129 S.Ct. at 1949. The conclusory allegations in the counterclaim fail to provide plaintiff with notice of any claims for which no potential for coverage exists. *See id.*; *Twombly*, 550 U.S. at 555.

Hartford has not yet provided an entire defense for the Oracle lawsuit. It has not alleged facts that show either that the lawsuit is concluded or that there is no further potential for coverage on certain claims. Therefore, Hartford has not stated a plausible claim for relief, and plaintiff's motion to dismiss its counterclaim for equitable reimbursement is granted.

### B. Plaintiff Rimini's Motion to Remand

Because the court grants the motion to dismiss the equitable reimbursement counterclaim, it will now turn to the merits of Rimini's motion to remand.

As described above, in determining a motion to remand a claim for declaratory judgment, the court has "substantial discretion;" however, this discretion is not unfettered. *Dizol*, 133 F.3d at 1225. As the Ninth Circuit instructed, the court should weigh the following factors when considering the remand: (1) whether the exercise of jurisdiction would require the "needless determination of state law issues;" (2) whether the exercise of jurisdiction would encourage forum shopping; and (3) the general preference to "avoid duplicative litigation." *Id.* As the last two factors are neutral in deciding this case and the first factor weighs in favor of remand, the court will address the two neutral factors first.

James C. Mahan
U.S. District Judge

- 6 -

### 1.   Discouraging Forum Shopping

This factor is neutral. While both parties present arguments that the other side is forum shopping, neither argument is convincing; moreover, it does not appear that there is any evidence that forum shopping occurred. Rimini initially filed this action in state court, where jurisdiction was proper. The complaint, as amended, includes only state law claims. Hartford then removed this action to federal court through diversity jurisdiction under 28 USC 1332(a).

As Hartford argues, California courts have made clear that when an action is removed, this is not, by itself, an indication of forum shopping. *See Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 803–04 (forum shopping favored neither party where insurer removed state court action to federal court); *Tomlinson v. GEICO Gen. Ins. Co.*, 433 F.App'x 499, 501 (9th Cir. 2011) ("[R]emoval alone is not indicative of forum shopping."). Rimini, on the other hand, is simply trying to remand the action back to state court, where it originally filed the complaint. The forum shopping factor is neutral.

### 2.   Avoiding Duplicative Litigation

This factor is also neutral. The Ninth Circuit has held that "courts should generally decline to assert jurisdiction in insurance coverage and other declaratory relief actions presenting only issues of state law during the pendency of parallel proceedings in state court." *Continental Casualty Co. v. Robsac Industries*, 947 F.3d 1367, 1374 (9th Cir. 1991). However, this case does not present an issue of duplicative litigation as this specific lawsuit is the only one covering these claims. Accordingly, this factor does not weigh in favor or against the remand of this case.

### 3.   Needless Determination of State Law

This factor weighs in favor of remanding the case. A "needless determination of state law may involve: (1) an ongoing parallel state court proceeding regarding the precise state law issue, (2) an area of law Congress expressly left to the states, or (3) a lawsuit with no compelling federal interest." *Travelers Casualty Ins. Co. of America, et al. v. American Home Realty Network, Inc., et al.*, 2013 WL 1808984 *6 (N.D. Cal. April 29, 2013). Here there is no existing parallel state court proceeding, so the first possible factor is not instructive. However, the last two factors militate toward remand.

Insurance law, the underlying basis for the declaratory judgment claims, is an area of law that was expressly left to the states in the McCarran-Ferguson Act. *Continental Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1371–72 (9th Cir. 1991). The two claims for declaratory judgment involve

only the Hartford *insurance* policies, and more specifically the "supplementary payments provision" within those policies, so the only question in this case relates to law that Congress has specifically delegated to the states. *Id.* As such, this factor weighs heavily in favor of remand.

The final factor—no compelling federal interest—also weighs in favor of this being a "needless determination of state law." *Id.* This case, as stated above, does not consider a federal question; the reason that the district court has jurisdiction is because of the diversity of citizenship. (ECF No. 1 at 2–3). As discussed in *Robsac*, when the "sole basis of jurisdiction is diversity of citizenship, the federal interest is at its nadir." *Id.* at 1371. The fact that the district court has proper diversity jurisdiction does not suddenly impute a compelling federal interest where one does not otherwise exist. Because this case involves state law and does not consider any compelling federal interest, this factor weighs in favor of remand.

The court finds that the needless determination *Brillhart* factor weighs heavily in favor of remand. As the other two *Brillhart* factors (as described in *Dizol*) under consideration are neutral, the court considers the factor decisive.

Accordingly, the action will be remanded to the state court.

**IV.   Conclusion**

The motion to dismiss the counterclaim and the motion to remand the case are granted.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Rimini Street, Inc.'s motion to dismiss and remand (ECF No. 16) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants Hartford Fire Insurance Company, Hartford Accident and Indemnity Company and Hartford Casualty Insurance Company's counterclaim be, and the same hereby is, DISMISSED without prejudice.

IT IS FURTHER ORDERED that case no. 2:15-cv-02292-JCM-CWH be, and the same hereby is, REMANDED to state court, consistent with the foregoing.

DATED June 6, 2016.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge